FILED
SUPERIOR COURT
OF GUAM

2019 OCT 29 PM 2: 15

CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT
OF GUAM**

THE PEOPLE OF GUAM,                    )          Case No.: CF0586-18
                                       )
                v.                     )
                                       )          **DECISION AND ORDER**
                                       )
REDTWELVE TFONG,                       )
aka Redtwelve Tefong aka Luke West     )
aka Nois West aka Retwen Defang        )
BOB: 02/07/1988                        )
                                       )
                Defendant.             )
                                       )
_____)

**STATEMENT OF THE CASE**

This matter is before the Honorable Judge Michael J. Bordallo. The Court requested that the parties brief the applicability of the Justice Safety Valve Act of 2013 (hereinafter "Act") to the sentencing of the Defendant Redtwelve Tfong (hereinafter "Tfong"). The People of Guam (hereinafter "People") were represented by Leonardo Rapadas. Tfong was represented by Brycen Breazeale.

After reviewing both parties sentencing memorandums and hearing both parties arguments in support thereof, the Court finds substantial and compelling reasons to apply the Act to Tfong's sentence.

**ISSUE**

Whether the Act is applicable to a Special Allegation offense.

## FACTS

1. On October 5, 2018, Tfong was indicted on the following charges: 1. Second Degree Robbery (As a Second Degree Felony), with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony; 2. Second Degree Robbery (As a Second Degree Felony), with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony; 3. Terrorizing (As a Third Degree Felony), with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony; and 4. Assault (As a Misdemeanor).

2. On November 28, 2018, Tfong was convicted of Terrorizing (As a Third Degree Felony) and Assault (As a Misdemeanor).

3. Tfong was also convicted of the Special Allegation of Possession or Use of a Deadly Weapon in the Commission of the Terrorizing Charge.

4. For the Terrorizing (As a Third Degree Felony) conviction, the minimum sentence that can be imposed is zero (0) years with a maximum of five (5) years, under 9 GCA § 80.30(c).

5. For the Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony conviction, the minimum sentence that can be imposed is five (5) years with a maximum of twenty-five (25) years, under 9 G.C.A § 80.30(a)(1).

6. For the Assault (As a Misdemeanor) conviction, the minimum sentence that can be imposed is zero (0) years with a maximum of one (1) year, under 9 G.C.A § 80.34(a).

7. Based on the convictions, Tfong faces a mandatory minimum of five (5) years of imprisonment.

8. The Court requested that the parties brief the applicability of the Act to the sentencing of Tfong.

9. The People filed their brief on August 28, 2019, in which they argued that the Act was inapplicable in this case and requested that Tfong be sentenced to a total of eight (8) years of imprisonment.

10. Tfong filed his brief on September 16, 2019, in which he argued that the Act is applicable given the circumstances in his case and requested that the Court apply the Act to his Special Allegation conviction and be sentenced below the five (5) year mandatory minimum set forth in 9 G.C.A § 80.37(a)(1).

## PRINCIPLES OF LAW

Guam law allows a Court to depart from a mandatory minimum sentence under certain "substantial and compelling" circumstances, considering the nature of the crime, the history and character of the defendant, and his or her chance of successful rehabilitation. 9 GCA § 80.39.1. Moreover, the Act applies if the imposition of the mandatory minimum sentence would result in substantial injustice to the defendant and the mandatory minimum sentence is not necessary for the protection of the public. *Id.*

However, the Act has three exceptions which make it inapplicable to a defendant. 9 G.C.A. § 80.39.2. The Act shall not apply if the Court finds that: 1. the defendant was convicted for the same offense during the ten (10) - year period prior to the commission of the offense; 2. the defendant intentionally used a firearm in a manner that caused physical injury during the commission of the offense; or 3. the individual was the leader, manager, or supervisor of others in a continuing criminal enterprise. *Id.*

In reviewing the record and proceedings, the court makes factual findings where supported by a preponderance of the evidence. *See Guam v. Castro*, 2013 Guam 20 ¶ 62 ("A trial court's discretion in sentencing is therefore largely unlimited either as to the kind of information ... or the source from which it may come.") (citation omitted).

## ANALYSIS

The People argue that because the Act's language is unclear whether it allows the Court to depart from the mandatory minimum sentence only from offense itself or from offenses combined with special allegations, the Act should be interpreted as to apply only to the underlying offense and not any special allegations. People's Sent. Memo. p. 2. In furtherance of this argument, the People claim that if special allegations were not exempted from the Act and the Court imposed a sentence below the statutory minimum, the Court will have eliminated the statutes intent to punish defendants who yield weapons during the commission of a felony more harshly. *Id.*

Tfong argues that special allegations are not exempted from the application of the Act. Tfong argues that the Act makes no direct mention or distinction of an "offense" compared to a "special allegation." Defendant's Sent. Memo p. 3. Tfong argues that if the Guam Legislature intended for special allegations to be exempted from the Act, then it would have ensured that the Act included language to that effect. Therefore, in regards to the applicability of the Act, Tfong urges the Court to find no distinguishment between a court-imposed sentence for an "offense" versus a sentence imposed for a "special allegation."

Upon reviewing the Act, the Court agrees with Tfong in that the Act does not make any clear distinction between an "offense" and a "special allegation." *See* 9 G.C.A. § 80.39.1. Furthermore, the Court finds that there is no language in the Act that expressly prevents the

Act's application to special allegations.

The Court also finds that Chapter 80 of 9 G.C.A. provides the Court with sentencing ranges for all crimes, including, but not limited to, special allegations. *See* 9 G.C.A. § 80.37. As such, the Court finds that because the Act falls under Chapter 80 of 9 G.C.A., the Act's silence on differentiating an "offense" from a "special allegation", and there is an absence of any language in the Act that prevents its applicability to special allegations, it is rational and plausible to conclude that the Act is applicable to all offenses including, but not limited to, special allegations.

The Court has also reviewed the Act to determine whether Tfong qualifies for any of the three (3) exclusion classes listed in 9 G.C.A. § 80.39.2. Upon review, the Court concludes that Tfong is not within one of the three (3) classes of people excluded from the provisions of the Act: 1. Tfong has never been convicted of terrorizing in the last ten (10) years; 2. Tefong did not intentionally use a firearm in a manner that caused physical injury during the commission of the offense; and 3. Tfong was not in the capacity of a leader, manager, or supervisor in a continuing criminal enterprise. Therefore, the Court finds that Tefong can legally be sentenced under the Act.

However, the Court cannot apply the Act to the Special Allegation charge merely upon determining Tfong is not part of an excluded class. Rather, the Court may conclude the Act should apply to Tfong's Special Allegation Charge after considering "the nature of the crime, the history and character of the defendant[s], and his or her chances of successful rehabilitation." 9 GCA § 80.39.1. In addition the Court must weigh whether the "imposition of the mandatory minimum sentence would result in substantial injustice to the defendant[s]" and whether the mandatory minimum sentence is not necessary for the protection of the public." 9

GCA § 80.39.1(a) and (b).

The Special Allegation committed by Tfong was non-violent in nature. The Special Allegation is for the Possession or Use of a Deadly Weapon in the Commission of a Felony. Additionally, the Special Allegation's underlying crime was terrorizing which, based on the circumstances of this case, the Court holds is a crime of threat rather than violence. The Court notes that the record showed that Tfong was only in possession of a machete while committing the felony and did not actually use it against the victims. Tfong's acts constituted the bare minimum to uphold the conviction of the Special Allegation. In addition, none of the victims were physically harmed by Tfong's actions or threats while he was in possession of the machete. Therefore, the Court holds that the gravity of the Special Allegation that Tefong was convicted of does not vindicate him being disqualified from the Act's provisions.

Tfong's history with the law only indicates one prior conviction for Assault (As a Misdemeanor). The Court holds that Tfong is not a recidivist.

The Court holds that there is a strong possibility that Tfong can be rehabilitated without the imposition of the mandatory minimum of five (5) years of imprisonment. The Court recognizes that Tfong has an alcohol abuse problem which is a fundamental cause of his unruly behavior. Moreover, the Court is also aware that Tfong has never had his alcohol abuse issue specifically targeted by an alcohol treatment program. The Court therefore holds that, should Tfong receive and complete an alcohol abuse program while incarcerated, he will be able to address his alcohol abuse problem effectively and, upon release, be in a better position to control his alcoholism.

The Court finds that should Tfong be sentenced to less than the mandatory five (5) year minimum for the Special Allegation, the public will not be placed in danger. Upon release

from confinement, Tfong will serve a parole term of no less than three (3) years. *See* 9 G.C.A. 80.37(b). The Court will also recommend that the parole term include the following: 1. all the standard conditions; 2. a stay-away order from the victims in this case; 3. no-alcohol and; 4. mandatory attendance in an alcohol treatment program. The Court is convinced that a mandatory three (3) year parole term that incorporates these recommended conditions will adequately ensure the public's protection. In addition, the fact that Tfong will be able to reside with his cousin who stated that she is willing and able to assist Tfong with his alcohol abuse issues further increases the level of the public's protection. Therefore, in light of the facts of this particular case, the Court finds that the mandatory minimum sentence of five (5) years of imprisonment is not necessary for the protection of the public and that the imposition of the mandatory minimum sentence of five (5) years for the Special Allegation conviction would result in substantial injustice to Tfong.

## CONCLUSION

After review of the facts in this matter and the application of the legal standard for the implementation of the Act, the Court finds that there are substantial and compelling reasons to justify applying the Act to Tfong's Special Allegation conviction. The Court also determines that Tfong meets the statutory factors of the Act and that sentencing Tfong absent the Act's provisions would cause substantial injustice.

SO ORDERED, this _____ day of _____ 2019.

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
TFONG 20170

OCT 2 9 2019 Time: 2:20
Deputy Clerk, Superior Court of Guam

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

Page 7 of 7